UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJO CESAREO-AYALA,<br><br>   Petitioner,<br><br>  v.<br><br>LINDA SANDERS, Warden,<br><br>   Respondent. | Case No. CV 11-6658 RGK (JCG)<br><br>**MEMORANDUM AND ORDER:**<br><br>**(1) DISMISSING SUCCESSIVE 28 U.S.C. § 2255 MOTION ERRONEOUSLY STYLED AS 28 U.S.C. § 2241 PETITION; AND**<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

**I.**

**INTRODUCTION AND SUMMARY**

On August 12, 2011, petitioner Alejo Cesareo-Ayala ("Petitioner"), a federal prisoner[1] proceeding *pro se*, filed a document titled "Petition for 28 U.S.C. § 2241 Pursuant to Habeas Corpus Statutes § 2241-§ 2255" ("Petition"), challenging his criminal conviction and sentence in the U.S. District Court for the District of Kansas. In reality, the Petition is nothing more than a successive motion pursuant to 28 U.S.C. § 2255, which Petitioner is attempting to file in the wake of the District of Kansas'

---

[1] Petitioner is currently incarcerated at the Federal Correctional Institution in Lompoc, California.

denial of his first § 2255 motion, *and* the 10th Circuit Court of Appeal's denial of authorization to file a successive § 2255 motion. As such, the Petition must be dismissed without prejudice to Petitioner receiving permission from the 10th Circuit to file a successive § 2255 motion.

## II.

## **PROCEDURAL HISTORY**

On January 15, 2008, a jury found Petitioner guilty in the District of Kansas on the following counts:

(1) conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine;

(2) possession with intent to distribute 500 grams or more of cocaine; and

(3) distribution of marijuana.

(Pet. at 5; *see also United States v. Cesareo-Ayala*, D. Kan., No. 2:07-cr-20065-JWL-3, Docket No. 136.)

Petitioner appealed, and the 10th Circuit Court of Appeals affirmed his conviction on August 12, 2009. *See United States v. Cesareo-Ayala*, 576 F.3d 1120, 1130 (10th Cir. 2009).

On March 4, 2010, Petitioner filed a § 2255 motion to vacate, set aside, or correct his federal sentence. (*See United States v. Cesareo-Ayala*, D. Kan., No. 2:07-cr-20065-JWL-3, Docket No. 175.) On May 10, 2010, the District of Kansas denied the motion. (*Id.*, Docket No. 179.)

On June 23, 2011, Petitioner filed a motion for authorization to file a second or successive § 2255 motion in the 10th Circuit Court of Appeals. (*See In re: Alejo Cesareo-Ayala*, 10th Cir., No. 11-3178, Docket No. 1.) On July 12, 2011, the 10th Circuit denied the motion. (*Id.*, Docket No. 4.)

This federal Petition followed.

///

///

# III.

# DISCUSSION AND ANALYSIS

Liberally construed, Petitioner asserts the following six claims in the Petition:

(1) the trial court improperly sentenced Petitioner under 21 U.S.C. § 841(b);

(2) there was insufficient evidence to support Petitioner's conspiracy conviction;

(3) Petitioner's sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment;

(4) Petitioner's conviction should be reversed because he was the victim of government entrapment;

(5) the trial court improperly sentenced Petitioner under 18 U.S.C. § 3553; and

(6) ineffective assistance of his trial counsel.

(Pet. at 10, 14, 16, 18, 21, 27-31.)

Because all of these claims challenge the legality of Petitioner's conviction and sentence, the Petition is a camouflaged successive § 2255 motion, which this Court lacks jurisdiction to consider.

## A. Legal Standards

Generally, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (internal quotation marks and citation omitted). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" *Id.* (citation omitted). A prisoner may not bring a second or successive § 2255 motion in the district court without first seeking and obtaining certification from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *Harrison,* 519 F.3d at 955.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the

custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (*per curiam*).  There is an exception – or "escape hatch" – to this general rule:  a federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The exception under § 2255(e) is "narrow," however, "and ... § 2255's remedy is *not* 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition ...."  *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (emphasis added); *see also Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (*per curiam*) (§ 2255 not inadequate or ineffective simply because district court dismissed § 2255 motion as successive and court of appeals did not authorize successive motion).

On the other hand, a petition meets the "escape hatch" criteria of § 2255(e) "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."  *Harrison*, 519 F.3d at 959 (internal quotation marks and citation omitted).

**B.     The Petition is a Disguised Successive § 2255 Motion that Does Not Meet the Criteria for § 2255(e)'s Escape Hatch Provision**

Here, Petitioner does not raise claims challenging the manner, location, or conditions of the execution of his sentence.  Rather, Petitioner directly challenges the legality of his 2008 conviction and sentence in the District of Kansas.  As such, unless the Petition meets the "escape hatch" criteria of § 2255(e), it must be viewed as a § 2255 motion, and not a § 2241 petition.

Petitioner fails to meet that criteria, however, since he does not make a claim of "actual innocence" in the Petition.  *See Harrison*, 519 F.3d at 959.  Thus, the Petition is an unauthorized successive § 2255 motion, thinly cloaked behind § 2241, which this Court has no jurisdiction to hear.

## IV.

## **ORDER**

For the foregoing reasons, the Court finds that the Petition is a successive § 2255 motion. Because this Court has no jurisdiction to hear such a motion, IT IS ORDERED THAT the action be dismissed without prejudice to Petitioner seeking permission from the 10th Circuit Court of Appeals to file a successive § 2255 motion in the District of Kansas. Let judgment be entered accordingly.

IT IS FURTHER ORDERED THAT a Certificate of Appealability ("COA") is denied because Petitioner has not shown that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a court dismisses a petition on procedural grounds, a COA should issue only when "a prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (emphasis added).

DATED: August 24, 2011

_____

HON. R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE